NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1614
_____

VIVIAN MARTIN,
                    Appellant

v.

THE BOEING COMPANY,
d/b/a Boeing

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-05401)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 20, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: August 21, 2024 )
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Vivian Martin alleged in her complaint that Defendant The Boeing Company ("Boeing") subjected her to racial discrimination in violation of 42 U.S.C. § 1981, and racial and religious discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"). Martin identified herself as a black, African-American, practicing Muslim, having converted to Islam in 2011. She has been continuously employed by Boeing from 1993 to the present.

Martin was promoted to a Level 2 position in 2002 and a Level 3 position in 2007. The crux of her complaint is that this was the last time that she received a promotion. She alleged that she unsuccessfully applied for the following Level 4 positions: Human Resources First Line Manager in April 2019; Global Diversity and Inclusion Manager in September 2019; First Line Fact Finding Manager in December 2019; Senior Corporate Investigator in February 2020; and an Ethics and Compliance position in February 2020. She attributed her lack of success to her managers' alleged "favoritism toward white employees," and claimed that they created a hostile work environment. Since filing her lawsuit, Martin has moved to a different business unit within Boeing where she loves working with her manager and the peers that she has there.

Martin dual-filed a claim with the Pennsylvania Human Relations Commission and the U.S. Equal Employment Opportunity Commission ("EEOC"). In it, she alleged discrimination on the basis of her race, sex, religion, retaliation, and age. Martin asserted that she was denied the HR First Line Manager position on April 4, 2019, and filed her EEOC charge on March 24, 2020. In light of these dates, the District Court dismissed

2

Martin's Title VII and PHRA claims related to this position because they were time-barred under the 300-day statute of limitations for such claims.  See 42 U.S.C. § 2000e-5(e)(1); 43 P.S. § 959(h).  It also dismissed her claims regarding the Global Diversity and Inclusion Manager position due to Martin's failure to exhaust her administrative remedies, as she did not include this position in her EEOC charge.  Following discovery, Boeing filed a motion for summary judgment, which the District Court granted.  This appeal timely followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's grant of summary judgment, applying the same standard as the District Court, and we may affirm on any basis supported by the record.  See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).  "Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Ruehl v. Viacom, Inc., 500 F.3d 375, 380 n.6 (3d Cir. 2007) (internal quotation and citation omitted).

The District Court determined that Martin abandoned her claims with respect to the HR First Line Manager, Global Diversity and Inclusion Manager, and Senior Corporate Investigator positions, as she did not address them in her opposition to summary judgment.  In its analysis of the discriminatory failure-to-promote claims regarding the other two positions, the District Court noted the following:

- Martin only addressed the First Line Fact Finding Manager position with specificity;

3

- Boeing appeared to concede that Martin could make a prima facie case for failure-to-promote as to this position, and proceeded to the next step of the framework by claiming that it had a legitimate reason for selecting Amy Chitwood for the position rather than Martin, namely that Chitwood was more qualified;

- Chitwood became a Level 5 HR business partner in 2017, while Martin was a Level 3 employee whose supervisor had not recommended her for the job;

- Martin did not address the issue of pretext, and instead alleged without evidence that she was not selected for an interview in 2019 because in 2012 a senior manager named Melissa Freas told her that she would never be promoted; and

- Martin failed to present any evidence in support of an argument under the mixed-motive theory.

In light of these facts, the District Court concluded that Martin failed to present an employment discrimination failure-to-promote claim as to the First Line Fact Finding Manager position. See Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)); Tex. Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 254 (1981). Turning to the Ethics and Compliance position, the District Court noted that the position was eliminated before a hiring decision was made. It determined that although Martin mentioned this position in her opposition to summary judgment, the reference was in relation to a 2018 opening filled by a different employee rather than Martin's own unsuccessful attempt to secure the position in 2020. Consequently, the District Court determined that Martin appeared to abandon her failure-to-promote claim as to this position. Nevertheless, the District Court determined that even if this were not so, Martin failed to establish a case for discriminatory failure-to-promote under either of the pretext or mixed motive theories.

4

As to Martin's retaliation claims, the District Court again only addressed the First Line Fact Finding Manager and Ethics and Compliance positions. It concluded that Martin failed to establish a prima facie case of retaliatory failure-to-promote as there was no evidence of causation. See Moore v. City of Phila., 461 F.3d 331, 340–41 (3d Cir. 2006). It further noted that even were this not so, Boeing had legitimate reasons for not selecting Martin for these positions, as discussed above, and she failed to show any evidence of pretext.

With respect to other adverse employment actions alleged by Martin, the District Court concluded that all but one of the alleged actions occurred before May 29, 2019— the cutoff date under the 300-day statute of limitations and Martin's EEOC charge filing date—and were therefore time-barred. The District Court presumed that the last of the referenced actions—the assignment of a new supervisor and a change in assignment from the Fact Finding unit to the Wellness unit—occurred within the appropriate timeframe but determined that the action did not qualify as "adverse" because Martin was not demoted, did not suffer a pay cut, and was not asked to do work that was demeaning or less valued. Consequently, the District Court concluded that Martin failed to present a prima facie case regarding this issue.

As for Martin's hostile work environment claim, the District Court concluded that it was time-barred as Martin did not demonstrate that any of the alleged incidents occurred after the relevant cutoff date. Furthermore, the District Court noted that even if it ignored the issue of timeliness, Martin failed to present evidence of actionable wrongdoing. See Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir. 2005) (noting that

5

"offhand[] comments and isolated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim").

For these reasons, the District Court granted summary judgment in favor of Boeing. In her brief, Martin does not present legal arguments challenging the District Court's reasoning, and instead reiterates her claims. Moreover, she does not argue against the District Court's conclusions regarding the abandonment of some of her claims.[1]

Upon review, we concur with the District Court's conclusions for the reasons that it provided. Accordingly, we will affirm the judgment of the District Court. We also deny Martin's motions seeking permission for new discovery and to introduce evidence of counsel's refusal of representation.

---

[1] Any challenge to these conclusions is therefore forfeited. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017); see also Laborers' Int'l Union of N.A., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (noting that an issue is forfeited "unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (internal citation removed).